# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-955-JMS-DML |
| | ) | |
| MRS. KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Correct Errors and for Relief from Order**

**I.**

**A.**

This action in which Kent Easley sought a writ of habeas corpus invalidating a prison disciplinary proceeding was dismissed on July 18, 2012, based on the court's determination that the Easley had not suffered the loss of a protected liberty interest.

The entry of final judgment was followed by Easley's motion to correct errors and for relief from order, filed on August 2, 2012. This was within 28 days from the entry of judgment on the clerk's docket.

**B.**

Given the timing of the motion to correct errors relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of

judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

### C.

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend the petitioner's habeas claims, nor did it misapply the law to those claims in light of information he both described and documented. "Prisoners have a liberty interest in their good-time credits and credit-earning class and thus must be afforded due process before prison officials interfere with those rights." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). Conversely, when no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Neither in the original habeas petitioner, nor in any subsequent filing, has Easley identified the loss of a protected interest which affected either the fact or the anticipated duration of his confinement. Accordingly, even the limited due process protections afforded by *Wolff v. McDonnell,* 418 U.S. 539 (1974), and *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), were not triggered by the circumstances he relates and no further inquiry was or is warranted.

The post-judgment motion to correct errors and for relief from order [9], treated as a motion to alter or amend judgment, is therefore **denied.**

**IT IS SO ORDERED.**

Date: 09/18/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

**Kent Easley**
**DOC # 103481**
**INDIANAPOLIS RE-ENTRY EDUCATIONAL FACILITY**
**401 North Randolph Street**
**Indianapolis, IN 46201**